IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Cr. No. 19-190-13 |
| | ) | (Civ. No. 23-40) |
| **CHE WILLIAMS** | ) | |

## MEMORANDUM ORDER

On January 10, 2023, Petitioner Che Williams filed a Motion titled, "Review of a Sentence," which the Court docketed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. ECF No. 1154 at Cr. No. 19-190; ECF No. 1 at Civ. No. 23-40. In response to the Court's *Miller* Notice, Petitioner indicated his intent to withdraw that Motion and file one all-inclusive section 2255 motion. ECF No. 1177 at Cr .No. 19-190. Petitioner has now submitted an all-inclusive Moton to Vacate, signed by Petitioner on February 27, 2023, and docketed on March 2, 2023. ECF No. 1180, at 13; ECF No. 3 at Civ. No. 23-40.

Petitioner having previously been advised of his options pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and having exercised his option to withdraw his prior motion and file an all-inclusive motion, the Court now conducts a "Preliminary Review" of his Motion to determine "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. If the Court determines that the Petitioner is not entitled to relief, Rule 4 mandates that "the judge must dismiss the motion." Otherwise, resolution of the Motion will be decided on the briefs of the government and the Petitioner.

In Petitioner's June 17, 2021 Plea Agreement, he agreed that he would waive his "right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." Plea Agr. ¶ A.7. The Plea Agreement, however, provides for the following exception:

> Nothing in the foregoing waivers of rights shall preclude the defendant from *raising a claim of ineffective assistance of counsel* in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

*Id.* (emphasis added). In his present Motion, Petitioner asserts two claims of ineffective assistance of counsel. He claims counsel was ineffective for failing to challenge his career offender determination and counsel was ineffective for failing to file a notice of appeal. Despite the appearance that Petitioner's ineffective assistance claims satisfy the exception to filing a section 2255 motion, he is not entitled to relief under either of his claims.

With respect to the first claim, that counsel was ineffective for failing to challenge the career offender determination, such a challenge would not alter Petitioner's sentence in his favor. During the plea colloquy, both the government and defense counsel predicted that Mr. Williams would be classified as a career offender and be subject to a guideline imprisonment range of 188 to 235 months' imprisonment. Tr. Plea Hearing, July 1, 2021, at 34. Notwithstanding the prediction of a guideline minimum sentence of 188 months, the parties agreed in the Plea Agreement that the appropriate sentence in this case was 180 months' imprisonment, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c). The Court accepted the Plea Agreement and therefore the Court was legally bound under Rule 11(c)(1)(C) to impose a total sentence of 180 months' imprisonment. Thus, even if Petitioner's challenge to the career offender determination was successful, and his guideline imprisonment range was determined to be 121 to 151 months,

it would not change his ultimate sentence of 180 months. In fact, during the plea colloquy, government counsel explained that the agreed-upon sentence of 180 months applied even if Petitioner was not a career offender. Plea Tr. at 23 ("in terms of the bottom line, Your Honor, the parties have agreed, regardless of whether or not the defendant is an armed career criminal, to a term of imprisonment of 15 years"). Therefore, the Court finds that Mr. Williams is not entitled to relief on his first claim.

As to his second claim, that counsel was ineffective for failing to file a notice of appeal, the Plea Agreement again presents a roadblock to a successful challenge. In the Plea Agreement, Petitioner agreed to "waive[] the right to take a direct appeal from his conviction or sentence," except under certain specified conditions. *Id.* Thus, even had defense counsel filed a direct appeal, if the government sought to enforce the appellate waiver rather than respond to the merits, the appeal would likely have been subject to summary dismissal.

The exceptions in the Plea Agreement permitting Petitioner to file an appeal are: (i) he could file an appeal if his sentence exceeded the applicable statutory limits set forth in the United States Code, and (ii) he could file an appeal if his sentence unreasonably exceeded the guideline range determined by the Court under the Sentencing Guidelines. *Id.* Neither of these exceptions apply. The statutory maximum sentence that could be imposed on Petitioner at each of his counts of conviction were: "Life" at Count 1 of Criminal No. 19-190, 40 years at Count 1 of Criminal No. 21-292, and 10 years at Count 2 of Criminal No. 21-292. Petitioner was sentenced at or below the statutory maximum on all counts (he was sentenced to 180 months at Count 1 of Cr. No. 19-190, 180 months at Count 1 of Cr. 21-292, and 120 months at Count 2 of Cr. 21-292, all such terms to be served concurrently). Petitioner's guideline range was 188 to 235 months, and he was sentenced to a below-guideline term of imprisonment of 180 months. A sentence imposed below the applicable

guideline range cannot support a claim that the sentence unreasonably exceeded the guideline range. As neither of the exceptions to Mr. Williams's waiver of the right to file a direct appeal apply, the Court finds that Mr. Williams is not entitled to relief on his second claim.

Accordingly, the following ORDER is hereby entered.

AND NOW, this 6th day of March, 2023, it appearing to the Court that Petitioner Che Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 1080) is subject to dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings, it is hereby ORDERED as follows:

Petitioner is hereby notified that the Court has determined that his section 2255 Motion is subject to dismissal as it plainly appears from the motion and the record of prior proceedings that Petitioner is not entitled to relief.  Petitioner and the government may respond by April 7, 2023 to the Court's determination that Petitioner's Motion is subject to dismissal, thereafter, a further Order will issue.  If no response is filed by April 7, 2023, the Court will dismiss the 2255 Motion consistent with the Opinion herein.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:    Che Williams, pro se
       Reg. No. 39773-068
       FCI Elkton
       Federal Correctional Institution
       P.O. BOX 10
       LISBON, OH 44432